UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                              NO. 99-70

MARIO RODRIGUEZ                              SECTION "R"


**<u>ORDER AND REASONS</u>**


Before the Court is defendant Mario Rodriguez's motion for compassionate release.[1]  The Government has not filed a response to Rodriguez's motion.  For the following reasons, the Court denies Rodriguez's motion.


**I.     BACKGROUND**

Defendant Mario Rodriguez pleaded guilty to murder while engaged in a conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 848(e)(1)(A).[2]  On April 12, 2002, Rodriguez was sentenced to a

---

[1]     R. Doc. 362.
[2]     R. Doc. 257.

term of 360 months' imprisonment.[3]  Rodriguez is currently incarcerated at Allenwood Low FCI, with an expected release date of July 16, 2024.[4]

On February 18, 2022, Rodriguez moved for compassionate release.[5] Defendant represents that he has medical conditions that place him at a greater risk for complications from COVID-19.[6]  Defendant also submitted medical records showing that he has been diagnosed with obesity and hypertension.[7]  The Court considers defendant's motion below.

## II.   DISCUSSION

As a threshold matter, Rodriguez has not shown that he has satisfied the exhaustion requirement for compassionate release.  The statute provides that a district court may grant a defendant's motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after 30 days have passed "from the recipient of such

---

[3]   *Id.*

[4]   *See* Fed. Bureau of Prisons, *Find an Inmate* (2022), https://www.bop.gov/inmateloc.

[5]   R. Doc. 362.

[6]   *Id.* at 1.

[7]   R. Doc. 362-1.

a request by the warden of the defendant's facility, whichever is earlier." 18

U.S.C. § 3582(c)(1)(A).

Rodriguez submits documentation that on October 18, 2021, he submitted a request for compassionate release to the warden, and that on October 19, 2021, his request was denied.[8] The warden's denial notes that this is the second time Rodriguez has requested compassionate release, and the second time the warden has denied his request.[9] The denial also informed defendant that if he was not satisfied with the response, he "should proceed through the Administrative Remedy Program."[10] But Rodriguez does not assert—nor is there any evidence in the record to suggest—that he ever appealed either denial.

Courts have required an appeal of the warden's decision regarding compassionate release for a prisoner to have exhausted administrative remedies. *See, e.g.*, *United States v. Whirl*, No. 18-17, 2020 WL 3883656, at *1-2 (S.D. Miss. July 9, 2020) (noting that a defendant may submit an appeal on a BP-10 form to the appropriate Regional Director within twenty calendar days of the date the warden signed the response, and that failure to do so is a failure to exhaust administrative remedies); *United States v. Hooker*, No.

---

[8]   R. Doc. 362-6 at 3 (Inmate to Staff Message).

[9]   *Id.*

[10]   *Id.*

14-0367, WL 3843736 at *1 (N.D. Tex. July 8, 2020) (holding that a failure to appeal a warden's decision is a failure to exhaust administrative remedies).

This requirement applies even when thirty days have passed since the warden received a request from a defendant.  In other words, when a warden has denied a defendant's request, the defendant cannot forgo an appeal of the denial by waiting thirty days from the receipt of her request.  *See United States v. Cotto*, No. 16-36, 2020 WL 2735960, at *2 (E.D. La. May 26, 2020) (finding that when the BOP formally denies a defendant's motion, the defendant must appeal that decision to exhaust his or her administrative remedies).  Therefore, because defendant failed to appeal the warden's denials of his requests, he has failed to exhaust his administrative remedies under § 3582(c)(1)(A).

Moreover, even if defendant had shown that he properly exhausted his administrative rights, he has not shown that he meets the other requirements for compassionate release.   Upon a prisoner's motion, a court may, after considering the sentencing factors set out in 18 U.S.C. § 3553(a), grant compassionate release if it finds that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) (holding that, in

4

evaluating a motion by an inmate, rather than the BOP, the district court "is bound only by § 3582(c)(1)(A)(i)" and "the sentencing factors in § 3553(a)").

In evaluating defendant's motion, the Court must first "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Here, the Court finds that the § 3553(a) factors do not weigh in favor of defendant's release. Specifically, the Court finds that the "history and characteristics of the defendant," and "the need for the sentence imposed . . . to reflect the seriousness of the offense" militate against early release. *See* 18 U.S.C. § 3553(a).

Rodriguez pleaded guilty to the murder of Jamesnetta Simon while he was engaged in a conspiracy to possess with intent to distribute cocaine. Specifically, defendant pleaded guilty to shooting Simmons multiple times, mortally wounding her.[11] Defendant also participated in other acts of violence with his co-conspirators, including being present during the shooting and carjacking of Maria Mejias.[12] Additionally, defendant's criminal history includes prior felony convictions.[13] Releasing defendant before he has completed his sentence would not at all reflect the seriousness of his crimes, and would result in unwarranted sentencing disparities among

---

[11]    R. Doc. 254 at 8.
[12]    R. Doc. 254 at 5-6.
[13]    *Id.* at 13.

defendants convicted of similar conduct.  *See United States v.* Reed, 464 F. Supp. 3d 854, 861-62 (E.D. La. 2020) ("The Court concludes that early release at this time would create sentencing disparities between [the defendant] and other defendants with similar records convicted of similar crimes, which is what § 3553(a) attempts to prevent.").  For these reasons, the Court finds that granting defendant's motion would not be consistent with the sentencing factors in § 3553(a).  *See Shkambi*, 993 F.3d at 393.

Additionally, defendant has failed to demonstrate that there are "extraordinary and compelling reasons" meriting his release.  18 U.S.C. § 3582(c)(1)(A)(i).  In support of his motion, Rodriguez relies on his health conditions, and the risk posed by the COVID-19 pandemic.[14]  Defendant's health records show that he suffers from several health conditions, including obesity and hypertension,[15] both of which are risk factors for severe illness from COVID-19.[16]  But the Court finds that these medical conditions do not make Rodriguez's case "extraordinary."  *See, e.g.*,  *United States v. Grant*, No. 16-172, 2021 WL 149308, at *4 (W.D. La. Jan. 15, 2021) ("[W]hile obesity is an underlying medical condition that poses increased risk for severe illness

---

[14]   R. Doc. 362 at 1-2.

[15]   *See, e.g.*, R. Doc. 362-1 at 3.

[16]   Ctrs. For Disease Control & Prevention, *People with Certain Medical Conditions* (Oct. 14, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

from COVID-19, courts have found that obesity—alone or even paired with other medical conditions—does not provide adequate grounds for compassionate release."); *United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021) (finding that defendant's hypertension did not make his case "extraordinary," because it was "uncertain that he [was] at a significantly higher risk than . . . the general inmate population," and that "nearly half of the adult population in the United States suffers from hypertension").

And to the extent that Rodriguez raises a generalized fear of COVID-19, such a reason does not warrant compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."). Moreover, the Court finds that defendant's vaccination against COVID-19 weighs against his argument that the virus presents extraordinary and compelling circumstances warranting his release. *See United States v. Gibson*, No. 14-86, 2021 WL 3164176, at *2 (E.D. La. July 27, 2021) ("Courts have held that, once vaccinated, the efficacy of the COVID-19 vaccines preclude the argument that a prisoner's susceptibility to the disease is extraordinary and compelling for purposes of § 3582(c)(1)(A).").

The Court thus finds compassionate release is unwarranted for Rodriguez.

## III.  CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion for compassionate release.

New Orleans, Louisiana, this __22nd__ day of March, 2022.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE